```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────

**MORDECHAI TWERSKY ET AL.,**

               Plaintiffs,        13 Cv. 4679 (JGK)

      - against -                      **MEMORANDUM OPINION &**
                                                          **ORDER**

**YESHIVA UNIVERSITY ET AL.,**

               Defendants.

─────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiffs, thirty-four former students of Yeshiva University High School for Boys ("YUHS"), move for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6) of this Court's order dismissing the plaintiffs' complaint and denying a motion to amend the complaint as futile. Twersky v. Yeshiva Univ., 993 F. Supp. 2d 429 (S.D.N.Y.) aff'd, 579 F. App'x 7 (2d Cir. 2014), cert. denied, 135 S. Ct. 1702 (2015). The plaintiffs argue that a report commissioned by defendant Yeshiva University (the "YU Report"), which was released on August 26, 2013, provides a basis for reconsideration.

    The motion is without merit and therefore is denied.

## I.

    The Court has already set forth the facts and the procedural background of this case in its prior opinion,

1

familiarity with which is assumed. The following facts are included because of their relevance to this motion.

The plaintiffs brought this action against YUHS, Yeshiva University, former administrators of Yeshiva University, and several unnamed members of the Board of Trustees of YUHS and Yeshiva University. The plaintiffs asserted causes of action for fraud, negligence, violation of New York's General Business Law, and violation of Title IX of the Education Amendments Act of 1972 ("Title IX"). The plaintiffs filed this lawsuit roughly twenty-one years after the last plaintiff had left YUHS. The defendants moved to dismiss the claims as time-barred.

This Court assumed <u>arguendo</u> that Title IX includes a discovery rule, but concluded that the plaintiffs' claims were nonetheless time-barred. Specifically, this Court held that the plaintiffs "were aware of their abuse at the time it occurred, and of the identity of their abusers and those who employed them—thus, had the plaintiffs approached an attorney prior to their turning twenty-one, they could have brought their claims under Title IX." <u>Twersky</u>, 993 F. Supp. 2d at 440. Accordingly, because the action was filed over three years after "each plaintiff should have become aware of the alleged Title IX violation, even taking account of tolling for infancy, the federal discovery rule would not save the Title IX claim from the applicable time bar." <u>Id.</u> at 441.

2

This Court also denied the plaintiffs' motion for leave to file a Second Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  The plaintiffs argued that the YU Report, which was released after the plaintiffs had filed the First Amended Complaint, included new and relevant facts.  This Court, however, held that because "the new information that has come to light has no bearing on the fact that all claims in the First Amended Complaint are untimely as a matter of law, repleading in this action would be futile."  Id. at 452.

In September 2014, the Second Circuit Court of Appeals affirmed this Court's judgment.  As to the timeliness of the Title IX claim, the Court of Appeals held: "Even if we were to conclude that, in pursuing their Title IX claim, plaintiffs are entitled to the benefits of the discovery accrual rule . . ., we would have to conclude, as the district court did, that the Title IX claim is untimely."  Twersky, 579 F. App'x at 9. The Court of Appeals explained that "[w]hen plaintiffs left YUHS, more than 20 years before filing this suit on July 8, 2013, they were unquestionably aware of (1) their injuries, (2) their abusers' identities, and (3) their abusers' prior and continued employment at YUHS.  This information was sufficient to put them on at least inquiry notice as to the school's awareness of and indifference to the abusive conduct by its teachers."  Id. at 9–10.

As to the motion to amend, the Court of Appeals held that "the proposed amendments included only further allegations of defendants' knowledge of prior abuse, which, for reasons already explained, would not have rendered plaintiffs' claims timely." Id. at 12.

The plaintiffs filed a petition for a panel rehearing or rehearing en banc, which Court of Appeals denied in October 2014. The plaintiff then filed a petition for a writ of certiorari to the Supreme Court, which was denied in March 2015. Twersky v. Yeshiva Univ., 135 S. Ct. 1702 (2015).

In February 2015, the plaintiffs filed this motion for reconsideration pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

**II.**

Generally, a motion under Rule 60(b) must be made prior to appeal. However, "when 'later events' arise that were not previously considered by the appellate court," the district court may consider a Rule 60(b) motion, even if the case has not been remanded back to the district court. DeWeerth v. Baldinger, 38 F.3d 1266, 1270 (2d Cir. 1994) (citing Standard Oil Co. v. United States, 429 U.S. 17, 18 (1976)); see also Panama Processes, S.A. v. Cities Serv. Co., 789 F.2d 991, 994 (2d Cir. 1986) ("While it is true that issues considered and disposed of by an appellate court on appeal cannot thereafter be

4

altered by a district court, it may consider matters not explicitly or implicitly decided." (internal citations omitted)).

The converse is also true: "a district court does not have jurisdiction to alter an appellate ruling where the appellate court has already considered and rejected the basis for the movant's Rule 60(b) motion." DeWeerth, 38 F.3d at 1270.  "Where a party files a 60(b) motion after an appellate court has issued a mandate in the case, therefore, the district court must ask whether there has been a change in circumstances since the issuance of the mandate that justifies relief." Brown v. Ercole, No. 07cv11609, 2012 WL 6217594, at *5 (S.D.N.Y. Dec. 12, 2012), aff'd, 563 F. App'x 821 (2d Cir. 2014).

There has been no change in circumstances here.  The YU Report was released on August 26, 2013, and this Court considered and rejected the plaintiffs' argument that information in that report could render their claims timely.  Twersky, 993 F. Supp. 2d at 452.  The plaintiffs again argued on appeal that they should be allowed to amend their complaint in light of the YU Report.  Pls.' App. Br. at 85-86.  The Court of Appeals rejected the argument as "meritless."  Twersky, 579 F. App'x at 11-12.

The reasoning by the Second Circuit Court of Appeals was clear.  The plaintiffs were on inquiry notice "more than 20

5

years before filing this suit" because "they were unquestionably aware of (1) their injuries, (2) their abusers' identities, and (3) their abusers' prior and continued employment at YUHS."  Id. at 9-10.  And the plaintiffs have identified no evidence in the YU Report that would call into question these findings.

At bottom, the plaintiffs criticize the decision of the Court of Appeals.  They argue that the "Second Circuit made a sua sponte finding of fact," Pls.' Opening Br. at 20, and that the "Second Circuit did not engage in any analysis . . . as to whether the proposed amendment would alter its Title IX accrual determination."  Pls.' Reply Br. at 10.  But the Court of Appeals' well-reasoned decision is binding on this Court.

Accordingly, the motion for reconsideration is **denied**.

## CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed above, they are either moot or without merit.  For the foregoing reasons, the motion for reconsideration is **denied**.  The Clerk is directed to close **Docket Number 42**.

**SO ORDERED.**

**Dated:    New York, New York
           July 8, 2015**                     _____/s/_____
                                                    John G. Koeltl
                                              **United States District Judge**

6